CHARLES STEINMEYER, RESPONDENT, v. PHENIX CHEESE COMPANY, A CORPORATION OF THE STATE OF NEW YORK, APPELLANT.

Submitted July 9, 1917—Decided October 12, 1917.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"This is an appeal from the District Court. There are fifteen determinations in the court below which appellant claims are erroneous, but the sum and substance of them seems to be that the District Court should have decided the other way. The judge found for the plaintiff.

"The facts roughly stated are that plaintiff entered the employ of the defendant as soliciting and selling driver; his business being to peddle and deliver their goods and collect and turn in the proceeds of sales. He also seems to have had authority to give credit to a limited extent. He executed an agreement to serve them faithfully and deposited $150 as security for his performance of the agreement, which contained a stipulation that in case of violation of the agreement, the money should be retained by the company and would become their property; it being agreed that the company's damage for violation would at least amount to said sum.

After the termination of his service the company returned to him $112.35; and it is now claimed this was before the discovery of various derelictions on plaintiff's part. He brought suit for the difference between this $150 and what was paid, and the court gave him judgment for the full amount of his claim, less some $3.02 which it called discrepancies. It is claimed that the trial court held that the provision of the contract for the retention of the money amounted to a penalty and not liquidated damages. We find no such ruling in the case. There is no written memorandum of the trial judge, except the figures on which the judgment is made up. Assuming that the agreement is for liquidated damages, this fact alone will not lead to a reversal because the evidence is in conflict as to a breach and the appellate court will assume a finding of fact that will support the judgment below.

"We have examined the various claims made by the appellant, viz., the claim of embezzlement, of cash sales as charge items, of unauthorized credit to customers, and of alleged breach of contract not to engage in business as a servant or employe of others. With respect to the first three, we find that in each case the evidence was fairly in conflict, and, consequently, that a finding of the trial court in favor of the plaintiff on such disputed sets of facts is supportable, and therefore cannot be reversed here.

"With respect to the last, the alleged breach of contract, not to engage in business as a servant or employe of others, we think that this requirement was entirely too broad, and, therefore, illegal as an unlawful restraint of trade. If enforced it would prevent the plaintiff from working at any employment. Apart from this the evidence shows that the defendant went out of business, sold out its rights, and that one of the officers of the defendant told the plaintiff to go and work for the purchaser of the business.

"We find no error of law that calls for a reversal, and the judgment below will therefore be affirmed."

For the appellant, *Frank R. Pentlarge.*

For the respondent, *Alfred A. Franck.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 12.

*For reversal*—None.